# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4082 | **DATE** | 10/23/2012 |
| **CASE TITLE** | Murphy v. City of Chicago et al | | |

**DOCKET ENTRY TEXT**

Marriot's Motion to Dismiss Count XVII of Murphy's Complaint is denied.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

 Plaintiff Loretta Murphy ("Murphy") filed various claims against the City of Chicago, three Chicago Police Department ("CPD") Officers, Marriot Hotel Services ("Marriot"), and Michael Mader ("Mader"), a security guard for Marriot. Marriot moves to dismiss Count XVII of Murphy's Complaint. Murphy alleges that both state and private actors violated and conspired to violate her civil rights and committed various intentional torts against her when she was arrested by the Chicago Police Department on May 29, 2011. Specifically against Marriot, Murphy alleges, pursuant to 28 U.S.C. § 1983, that Mader, a hotel security guard, conspired with certain CPD officers to violate her civil rights by arresting her without probable cause (Count XIII). Murphy also alleges, pursuant to Illinois state law, that Mader intentionally inflicted emotional distress upon her, maliciously prosecuted her, and conspired with the Chicago police to commit these state law violations against her (Counts XIV, XV, and XVI). Murphy alleges Marriot is liable to her for Mader's actions based on the theory of *respondeat superior* (Count XVII). Count XVII of Murphy's Complaint does not distinguish between Murphy's § 1983 and state law claims.

 Marriot moves to dismiss the *respondeat superior* claim against it, asserting the well-settled principle that "a private corporation is not vicariously liable under § 1983 for its employees' deprivation of others' civil rights." *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982). Murphy concedes that Count XVII of her Complaint should be read by the Court as being inapplicable to her § 1983 claim, but maintains it should be held valid with respect to her state law claims.

 To state a claim upon which relief can be granted, a compliant must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To determine whether a complaint meets this standard, the

**STATEMENT**

"reviewing court [must] draw on its judicial experience and common sense." *Id.* When there are well-pleaded factual allegations, the Court assumes their veracity and determines if they plausibly give rise to an entitlement to relief. *Id.* at 679. A claim has facial plausibility when the pleaded factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 678.

As Murphy concedes that Marriot cannot be held vicariously liable under section 1983, the Court reads Count XVII of Murphy's Complaint to allege Marriot liable for Mader's actions under the theory of *respondeat superior* under Illinois state law only. Marriot argues that Count XVII should be dismissed in its entirety, with prejudice, because the Count is unclear as to whether it refers to Murphy's state or federal claims and because "[i]t is not the Court's responsibility to issue orders clarifying the Plaintiff's pleadings when they are legally deficient." (Marriot Reply, p. 2.). The Court does not find full dismissal of Count XVII necessary.

Marriot does not contend that Count XVII exclusively alleges liability under federal law, nor does it dispute that Illinois law allows for employer liability under the doctrine of *respondeat superior* for torts committed by its agents, servants, and employees. *See Williams v. Ingalls Memorial Hosp.*, 944 N.E.2d 421, 431 (Ill. App. 2011). While Count XVII of Murphy's Complaint does not specify whether Murphy invokes the theory of *respondeat superior* with respect to her state or federal claims, it does "state a claim that is plausible on its face" and give "fair notice" to Marriot that Murphy seeks to recover against it based on Mader's actions. Under these circumstances, the Court finds it unnecessary to dismiss Murphy's *respondeat superior* claim in its entirety. *See, e.g., Chesemore v. Alliance Holdings, Inc.*, No. 09-cv-413-wmc, 2012 WL 3041950, at *46 n. 26 (W.D. Wis. July 24, 2012) (granting plaintiffs' motion for leave to amend a single count of plaintiffs' Second Amended Complaint, but adding that "plaintiffs' amendment is not strictly necessary" because it "simply clarified" that the Count was directed against all defendants); *Wamack v. Winsdor Park Manor*, 836 F. Supp. 2d 793, 796 n. 3 (N.D. Ill. 2011) (accepting plaintiff's clarification in his response brief that one count of his Complaint alleged a claim only against one defendant, not both).

For the reasons stated above, Marriot's Motion to Dismiss Count XVII of Murphy's Complaint is denied. Plaintiff, however, will only be permitted to seek to hold Marriot liable for Mader's actions to the extent they violate Illinois law, as pled by Murphy in Counts XIV, XV, and XVI of her Complaint.